GEO. F. BASON, Adm'r., and others *v.* PETER R. HARDEN and others.

A father made advancements to four of his children, to the value of $1,200 each; to four others he advanced nothing. Those to whom he had made advancements were also his sureties, and he was otherwise indebted to them. To pay his debts, and save his sureties from loss, he conveyed all his property in trust; the sureties, his creditor children, at the same time covenanting with the others, that in case the property was insufficient to pay the debts of the father, and also to make those who had received nothing, equal to themselves, that they would apportion the advancements they had received, so as to make all the children of their father equal: *It was held*, that the proper construction of this covenant was, that if the father, on the close of the trust, should owe the creditor children more than the amount of their respective advancements, they should pay back nothing; but if he owed them less than their advancements, the difference (being the true debt due to the father) was to be so apportioned as to make all equal.

(The case of *Hinton* v. *Whitehurst*, 68 N. C. Rep. 316, cited and approved.)

CIVIL ACTION, tried before *Kerr, J.,* at Fall Term, 1874, ALAMANCE Superior Court.

On the 22nd of June, 1860, the defendants executed the following bond to-wit:

Know all men by these presents, that we Daniel C. Harden, Peter R. Harden, John W. Harden and William Mebane, do each, severally and separately acknowledge ourselves indebted to John Harden, in the just and full sum of one thousand dollars, to the payment whereof we do each bind ourselves, our respective heirs, executors and administrators, severally by these presents. Sealed with our seals and dated this 22nd day of June, 1860.

The condition of the above obligation is such that whereas the said John hath heretofore at divers times and in divers ways advanced certain of his children, to-wit: the said Daniel C. Peter R. and John W., his sons to the amount of twelve

hundred dollars each, in the way of real estate conveyed to them, and his daughter Peggy, the wife of the said William Mebane, to the amount of eight hundred dollars, in the way of a negro girl, and whereas the said John hath other children, to-wit: Geo. M. Harden, Bettie, wife of William Dewey, Adeline, wife of John Dewey, and Maria, wife of Robert A. Noell, to whom he has given nothing, and he is now doubtful whether he will be able to advance the said other children at all, or if at all to an amount of twelve hundred dollars each, and whereas the said John hath become largely indebted and the above named obligors, are his sureties for large sums of money, and he being desirous to save them harmless from any and all loss, by reason of their liabilities on his account, hath agreed and doth hereby agree to, and with the said obligors, to execute a deed in trust conveying all his estate both real and personal upon trust and with the intent to secure the payment of all his just debts, and more particularly of all such debts, as they the said obligors may be bound for as his sureties, and they on their part being desirous that full and perfect equality shall prevail amongst all the children of the said John, and not desiring any advantage for themselves, have agreed with and do hereby agree with and promise to the said John for and in consideration of the premises, and for and in consideration of his so executing the said deed in trust for the purposes afore-said, and in case it shall so happen that the whole of the estate and effects of him, the said John, shall be consumed in the payment of his debts, or so much thereof as that he shall be unable to advance his said other four children above named respectively, to the sum of twelve hundred dollars, that they the said obligors will contribute and pay, each and *pro rata*, the said children as unadvanced as aforesaid, such sum or sums as will make their share or shares equal to the share or shares of them the said obligors and the sum of twelve hundred dollars shall be taken as the standard by which the value of each shall be estimated; but provided always that the amount or amounts to be credited by the said William Mebane shall in

no case exceed the sum of three hundred and thirty dollars, and provided also that in case the property hitherto given as aforesaid to the said obligors, or either of them, shall be lost to them for or on account of its liability to the debts of the said John, then the amount or amounts of their contributions shall abate accordingly.

Now if the said Daniel C, Peter R. John W. and William Mebane shall well and truly perform their said agreement and promise, and shall well and truly, whenever called upon by the said John, after the sale under the said trust deed, and it shall be seen that he the said John is unable to do equal justice amongst all his children herein named, contribute and pay *pro rata,* as is above set out, such sum or sums subject to the foregoing conditions as will make the share or shares of any and all equal, then this obligation to be void ; otherwise to remain and in full force and effect.

The action was brought to compel a compliance with this bond. All the other facts necessary to an understanding of the case are fully set out in the opinion of the Court.

*Boyd,* for appellant,
*Scott, Dillard & Gilmer, Graham & Graham,* and *Morehead, Jr.,* contra.

BYNUM, J. John Hardin had eight children, to four of whom, who are the defendants, he had made considerable advancements, and to the other four, who are plaintiffs, he had advanced nothing. The defendant children, were also his sureties for large amounts and he was otherwise indebted to them. The father, becoming embarrassed in his circumstances, and at the same time being desirous that all his children should have an equal share of his bounty, executed a deed conveying all his property to J. W. Hardin, in trust to sell, pay his debts and save harmless his sureties. The defendants in consideration thereof, executed the bond declared on in this action, whereby they severally covenant, in case the trust property was insuffi-

cient to pay the debts of the father, and also to make the other children equal to those already advanced, to apportion the advancements they had received, so as to make all the children equal.

Upon the coming in of the answers, by consent, it was referred to Cyrus P. Mendenhall, to ascertain and state the facts and his conclusions of law thereupon. The report of the referee, in the case of *Bason* v. *Hardin*, decided at the present term, (*post*, 287,) so far as applicable, by the agreement of counsel, is to be taken as the report in the case. It appears therefrom, that all the trust property has been sold and applied in the payment of debts, leaving a considerable amount unpaid, and that John Hardin died insolvent, without having made any advancements to the plaintiff's, his children, and still largely indebted to some of the defendants. It is also found that the estate of John Hardin is still indebted to D. C. Hardin, one of the defendants, in a sum much larger than the advancement received ; that Mebane, another defendant received his advancement in a negro girl valued at $800, and that she was an expense to him until he lost her by emancipation ; that the estate of the intestate is yet indebted to the remaining two defendants, J. W. Hardin and P. R. Hardin, more than $600 each ; and lastly that each of the male plaintiffs is indebted to each of the defendants, but the precise amount is not stated, as the referee, from his view of the law, did not regard the latter indebtedness as material. From these facts, the referee found as a conclusion of law, that neither of the defendants was liable to the plaintiffs or either of them, in this action.

Exceptions to the report were filed by the plaintiffs, which were sustained by the Court, and judgment was rendered against the defendants, from which they appealed to this Court. The exceptions raise questions of law only, and will be now considered.

1. The plaintiffs insist that the true construction of the bond is, that the defendants are not discharged from liability thereon, unless the trustor is now indebted to them in a sum equal to

the advancements respectively received by them, and that the referee erred in holding them discharged, if the indebtedness was half the sum advanced. This was error in the referee. To us it clearly appears from the bond, that the purpose of both parties was, that all the children should share equally the bounty of the father. If after discharging all his debts, under the deed in trust, enough remained to make all equal, the advancements already made were not to be disturbed, but if the estate fell short of that, then the advancements already made, were to be equally apportioned among all. But as the father was largely in debt to the children whom he had advanced, if the trust property failed to discharge these debts, it would be manifestly unjust and inequitable for these children, after losing by their father an amount equal to or greater than their advancements, to have to divide their advancements with the other children. Hence the bond, in effect, provides that if the father, on the close of the trust, should owe these creditor children more than the amount of their advancements respectively, they should pay back nothing, but if he owed them less than their advancements, the difference being the true debt due to the father, was to be so apportioned as to make them all equal.

Applying this construction of the bond to the facts as found, and it appears that the estate of the father owes D. C. Hardin, one of the defendants over $1200, the value of his advancement, he is therefore discharged from liability. W. M. Mebane, another defendant, received by way of advancement a negro girl valued at $800. This negro and her children were an expense up to their emancipation by the power of the government, and according to the principle established in the case of *Hinton* v. *Whitehurst*, 68 N. C. Rep. 316, Mebane is not liable to contribution to the plaintiffs. The remaining two defendants who have been advanced, are J. W. and P. R. Hardin, and as to them, the referee finds that the trustor was indebted to each, in a sum greater than $600, but how much greater is not stated, and in this consists one defect and error

in the report. Each one of these two defendants received an advancement valued at $1200, and to that extent each one is the debtor to the father. If the father is indebted to them, say to the amount of $800 each, the difference $400, would be the true value of the advancement to be apportioned. That sum would be divided into eight parts and each of the eight children would be entitled to fifty dollars, to produce the exact equality contemplated by the bond. But outside of the father's estate, the referee finds that each one of the male plaintiffs, is indebted to each one of the defendants, but the precise sum is not ascertained by the referee. If it should turn out, that the advancements of J. W. and P. R. Hardin exceed the liability of the father to them, in apportioning the excess among the plaintiffs, these two defendants would be entitled to set off the indebtedness of the plaintiffs, to them respectively.

The report indicates that the plaintiffs are indebted to the two defendants, J. W. and P. R. Hardin, upon a balance of accounts, but as the facts are not found so that the Court can so declare, the case will be remanded, to the end that the plaintiffs, if they desire it, may have a re-reference to complete the account according to the principles herein announced as between them and these two defendants.

The judgment of the Superior Court is reversed, and judgment is here rendered in favor of the defendants, D. C. Hardin and W. M. Mebane, and the cause is remanded as to the other parties, that the parties may proceed as they may be advised.

PER CURIAM.       Judgment reversed, case remanded.